# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY LEE HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-2211 CAS |
| | ) | |
| ST. LOUIS COUNTY DEPARTMENT | ) | |
| OF JUSTICE SERVICES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. Due to plaintiff's inability to provide an account statement to the Court, the Court will not assess a partial filing fee at this time.[1] Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.

---

[1] Plaintiff asserts that he has repeatedly requested an account statement from St. Louis County Justice Department, but that the County has failed to provide him with the necessary documentation. Although plaintiff will not be required to provide an initial partial filing fee at this time, plaintiff will be required to provide the Court with a prisoner account statement within sixty (60) days of the date of this Order, so that plaintiff's initial partial filing fee may be calculated.

After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

As plaintiff has not yet been able to obtain a copy of his prisoner account statement, the Court will not assess initial partial filing fee at this time. Plaintiff will, however, be required to provide the Court with a copy of his prison account statement within sixty (60) days of the date of this Order so that the calculations relative to the initial partial filing fee can be made at that time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are the St. Louis County of Justice Services and the St. Louis County Department of Health. In his complaint for monetary damages and injunctive relief, plaintiff asserts that defendants have engaged in a policy or custom of denying him a "no seafood, no vegetables, gluten-free, diabetic diet," after they were ordered to do so by this Court on September 9, 2010. See United States v. Henderson, 4:09-CR-658 CAS (E.D. Mo.). The Court finds that plaintiff's allegations against defendants survive initial review under 28 U.S.C. § 1915. Thus, the Court will order the Clerk to issue process on the complaint.

Plaintiff's request for appointment of counsel in this lawsuit will be denied, without prejudice, as the Court does not find the legal issues to be so complex that counsel should be appointed at this time. The Court will also deny plaintiff's request for issuance of subpoenas to the defendants. Plaintiff may request any relevant and necessary documents he seeks from defendants in accordance with the Federal Rules of Civil Procedure, after the defendants have been served with summons and complaint and a case management order has been issued. Plaintiff's request for injunctive relief will be taken under advisement until such time as process has been served and defendants have had an opportunity to respond to plaintiff's request.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that although plaintiff will not be assessed an initial partial filing fee at this time, he will be required to submit a prisoner account statement to this Court, within

sixty (60) days of the date of this Order, so that the partial filing fee may be calculated. <u>Plaintiff's failure to do so timely may result in the dismissal of this action, without prejudice</u>.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [Doc. 5]

**IT IS FURTHER ORDERED** that plaintiff's request for issuance of subpoenas is **DENIED**. [Doc. 7]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   24th   day of February, 2011.